STATE v. FRANCES SHUMAKER.

(Filed 14 January, 1960.)

**1. Criminal Law § 75: Evidence § 25—**
> Original or duplicate original deposit slips, prepared in the ordinary course of business, typwritten by defendant or by someone under her direction and found in the company's files of which she was the authorized custodian, are competent in evidence.

**2. Criminal Law § 76: Evidence § 26—**
> Photostatic copies of deposit slips and checks made by an employee of a bank in the usual course of business and identified by such employee are competent as primary evidence without proof of the loss or destruction of the originals. G.S. 8-45.1, *et seq.*

**3. Criminal Law § 108—**
> A statement of the court that the case had been ably argued by both sides and that the jury should take into consideration all the contentions advanced in the respective arguments and any other contentions which may reasonably arise from a consideration of all the evidence, cannot be prejudicial as unduly emphasizing the contentions of the State.

**4. Criminal Law § 156—**
> Objection to the charge for failure of the court to elaborate on the facts or to its failure properly to state the contentions must be brought to the court's attention in apt time.

APPEAL by defendant from *Farthing, J.,* February 9, 1959 Term, GUILFORD Superior Court (High Point Division).

Criminal prosecution upon a bill of indictment charging the defendant with the crime of embezzlement. Upon the trial the State introduced evidence tending to show the following: The defendant was employed by Automatic Lathe Cutterhead Company, Inc., in the

capacity of bookkeeper. She kept the records of sales and accounts, received payments by cash and check, prepared deposit slips, endorsed the checks by use of a company stamp, "Payable to the order of Wachovia Bank & Trust Company, High Point, N. C." It was her duty to deposit company checks and cash in the company's bank account. She was not authorized to sign or to cash checks or endorse them except by use of the stamp, and then only for deposit. Items of cash and checks for deposit were entered on deposit slips by typewriter. The originals were kept in the office under the control of the defendant. According to the testimony of Clarice Snipes, another employee, "Frances Shumaker made them out. Mrs. Shumaker took those deposits to the bank. On occasions when Mrs. Shumaker did not actually make out the deposit slips, she had help when she was rushed and trying to get to the bank before the bank closed. Someone in the office would at her request help her list the checks. . . . On those occasions, after someone assisted her in making out a list of checks, she took the deposit slip to the bank. When someone assisted her, it was done under her supervision and control."

The defendant kept the books showing charges and credits to the accounts of the various customers. These records were in her own handwriting. The bank made microfilms of the deposit slips listing the checks and cash credited to the account of Automatic Lathe Cutterhead Company, Inc.

The State introduced (1) the deposit slips kept in the office under the defendant's control; (2) the microfilms of deposit slips left at the bank with the deposits; (3) microfilms of checks endorsed by defendant; and (4) the books of account kept by and in the handwriting of the defendant.

The State introduced evidence that on numerous occasions the defendant endorsed company checks, received the amount in cash. On one occasion the company received two checks for $600 each and $300 in cash to reimburse the company for payments it had made on certain stock transactions. These items were delivered to the defendant for deposit in the company's bank account. The checks were deposited but the cash was not deposited and not accounted for. The photostats of the deposit slips in the bank showed discrepancies between them and the copies which the defendant kept under her control in the company records.

The accountant who analyzed the office copies of the deposit slips and the microfilm copies kept by the bank, and the account books kept by the defendant, testified that checks in the amount of $3,346.29 were endorsed by the defendant. "When I say there was a total of

$3,346.29 in checks cashed by Frances Shumaker, all I know is the checks have her signature on the back." During the period September 15, 1957, to March 31, 1958, a total amount of $1,950.82 cash was entered on the receipt journal but not on deposit slips.

At the close of the State's evidence the defendant moved to dismiss. The motion was denied and the defendant rested without offering evidence and renewed the motion, which was likewise denied. The jury returned a verdict of guilty as charged. From the judgment of imprisonment of not less than two years nor more than five years, the defendant appealed.

*Malcolm B. Seawell, Attorney General, Glenn L. Hooper, Jr., Assistant Attorney General for the State.*
*Robert S. Cahoon, George W. Gordon for defendant, appellant.*

HIGGINS, J. The exceptive assignments argued in defendant's brief involve these questions: (1) Did the court commit error by admitting in evidence, over defendant's objection, the bank deposit slips retained by the depositor? (2) By admitting in evidence, over defendant's objection, the microfilm copies of endorsements on checks and deposit slips delivered to the bank? (3) Did the court, in its charge, give undue emphasis to the State's evidence and contentions?

The defendant's objections to the admissibility of the retained deposit slips is unsound. These slips were introduced as originals or duplicate originals. They were typewritten by the defendant or by someone under her direction. It was the defendant's duty to make and file them. She was the authorized custodian. They were in the files when she left. Clearly they were admissible. The duplicates of the deposit slips were filed with the bank at the time the deposits were made. The bank made photostats of these slips and of the checks. Dorothy Bowling testified: "I am employed in the main office of Wachovia Bank & Trust Company. . . . The various papers marked for the purpose of identification (here the numbers are given) are photostatic copies of original slips on deposit with the Wachovia Bank & Trust Company for Automatic Lathe Cutterhead Company for the period of time from September 23, 1957 to March 1, 1958. I personally made these photostats."

The defendant objected to the use of photostats on the ground the State did not "first account satisfactorily for nonproduction of the originals," citing among others the leading case of *People v. Wells*, 380 Ill. 347. Under the North Carolina Uniform Photographic Copies of Business and Public Records Act (G.S. 8-45.1, *et seq.*), any photo-

graphic, photostatic, or microfilm is as admissible in evidence as the original itself. The statute makes the photostat or microfilm reproduction primary evidence. Whether the original is in existence is immaterial. Of course, use of the reproduction does not render the original inadmissible.

Our statute making the reproduction competent evidence is modeled on the Act of Congress relating to the same subject. See 28 U.S.C.A. 1732. More than 30 states have similar statutes. At the time *People v. Wells, supra,* was decided, Illinois did not have any statutory provision for the use of photostats. The opinion in the *Wells* case is based on the lack of statutory authority for such evidence.

One of the leading cases on the subject of reproductions is *U. S. v. Manton,* 107 Fed. 2d 834 (Cert. denied, 309 U.S. 664) : "It is argued that the original checks themselves were the best evidence and that their absence should have been accounted for as a prerequisite to the admission of the recordaks. With this contention we cannot agree. These recordaks are made and kept among the records of many banks in due course of business and are within the words of 28 U.S.C.A. 695 (now 1732). Their accuracy is not questioned. They represent, in the course of a year, perhaps millions of transactions. No one at all familiar with bank routine would hesitate to accept them as practically conclusive evidence. As proof of payment they constitute not secondary but primary evidence." See also, *U. S. v. Kushner,* 135 Fed. 2d 668; *Beard v. U. S.* 222 Fed. 2d 84.

Enough appears in the evidence in this case to show a regular employee of the Wachovia Bank & Trust Company in the usual course of business made the photostats. She identified them. From this showing they were admissible in evidence. The deposit slips kept by the defendant, the microfilms of those at the bank, and the books and records kept by the defendant in her own handwriting showed discrepancies analyzed and summarized by the accountant. All were properly identified and received in evidence.

The assignments of error based on exceptions to the charge are without merit. The charge was concise, contained a short review of the evidence, accurately stated the law applicable thereto. With respect to the contentions, the court said: " . . . This case has been ably argued to you by counsel for the defendant and counsel for the State; they have advanced contentions in their able arguments and the court charges you that you will take into consideration all of the contentions advanced to you in arguments for the defendant and in arguments for the State; you will also take into consideration any other contentions which may reasonably arise in your minds from

your consideration of all the evidence in this case." See *State v. Kluck-hohn*, 243 N.C. 306, 90 S.E. 2d 768.

At the close of the charge, the court made this inquiry of defense counsel: "Gentlemen, is there anything further for the defendant, with reference to the law, facts or the contentions?" The reply was, "No, sir." Complaint of failure to state the facts or contentions made after verdict comes too late. *Bank v. Slaughter*, 250 N.C. 355, 108 S.E. 2d 594; *In re Will of Crawford*, 246 N.C. 322, 98 S.E. 2d 29.

In the trial below, we find

No error.