JANARAH W. JONES, ADMINISTRATRIX OF THE ESTATE OF PEARL HOUSTON MARTIN v. METROPOLITAN LIFE INSURANCE COMPANY, ORIGINAL DEFENDANT, AND ELWOOD NEWMAN, SUBSTITUTE DEFENDANT

No. 693SC287

(Filed 13 August 1969)

**1. Evidence § 29— business records — photographic copies**

In this action to determine the beneficiary of a federal employees life insurance policy, the trial court did not err in refusing to admit into evidence a photostatic copy of a purported written designation of plaintiff by deceased as the beneficiary of deceased's governmental life insurance benefits, where plaintiff failed to show that the copy was made in the regular course of business or activity of any federal agency or by whom it was made. G.S. 8-45.1.

**2. Insurance § 37— action on life insurance policy — sufficiency of evidence**

In this action to recover the proceeds of a federal employees life insurance policy, the trial court properly allowed defendant's motion for nonsuit of plaintiff's case at the conclusion of plaintiff's evidence.

**3. Appeal and Error § 57— conclusiveness of findings by trial court**

When jury trial is waived, findings of fact by the court are conclusive on appeal if supported by any competent evidence, and the judgment supported by such findings will be affirmed even though there is evidence contra.

**4. Insurance § 29— life insurance beneficiary — findings and conclusion of the court**

In this action to determine the beneficiary of a federal employees life insurance policy, heard by the court without a jury, the court's findings of fact are supported by competent evidence and are sufficient to support the conclusions of law and decision of the court that defendant is entitled to receive the insurance proceeds.

APPEAL by plaintiff from judgment of 6 March 1969 by *Cowper, J.,* in CRAVEN Superior Court.

In her complaint filed 14 August 1968, plaintiff alleged: She is administratrix of the estate of Pearl H. Martin who died intestate on 18 January 1968. Mrs. Martin was sole heir of her daughter Grace W. Newman (Grace), also a resident of Craven County, who died intestate on 2 March 1967. Grace, the insured, was employed as an elementary school teacher in the Camp Lejeune Dependent School and was a member of Federal Employees Group Life Insurance, funded by the defendant insurance company. Plaintiff is entitled to the proceeds of the policy.

Defendant insurance company filed a motion for a bill of inter-

pleader, seeking to pay the proceeds of the policy into court and having Elwood Newman substituted as defendant. An order to this effect was entered 11 October 1968.

Defendant Newman (Elwood) answered 15 January 1969, alleging substantially as follows: He married Grace 8 June 1962 and they remained husband and wife up to her death. No beneficiary of the policy having been designated, under applicable regulations he was entitled to the proceeds.

Plaintiff replied 12 February 1969 alleging abandonment of Grace by Elwood on 28 July 1964, after which Grace resided with her mother, and that an action for support was pending at the time of Grace's death. Plaintiff alleged that she was entitled to the insurance benefits regardless of the effectiveness of the designation of beneficiary on 10 December 1965.

By agreement, the case was heard by the court, sitting without a jury. The court found facts and concluded that Elwood was entitled to the proceeds. Plaintiff appealed.

*Kennedy W. Ward and A. D. Ward for plaintiff appellant.*

*Downing, Downing & David by Harold D. Downing and Ray C. Vallery for defendant appellee Newman.*

BRITT, J.

Determination of the proper party to receive the insurance benefits involved in this action is governed by federal statute. Plaintiff contends that Grace's request for naming her mother the beneficiary was effective as of 14 December 1965, at which time 5 U.S.C.A. 2093 read in part as follows:

> "Any amount of group life insurance and group accidental death insurance in force on any employee at the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries as the employee may have designated by a writing received in the employing office prior to death;
>
> Second, if there be no such beneficiary, to the widow or widower of such employee;
>
> * * *"

Elwood contends that even if Grace made the alleged written re-

quest that her mother be the beneficiary, the effective date of the request was subsequent to 23 March 1966 and on that date the applicable proviso of the federal statute aforesaid was amended to read as follows:

"* * *

First, to the beneficiary or beneficiaries, as the employee may have designated *by a signed and witnessed writing* received prior to death in the employing office * * *. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed shall have no force or effect;

* * *" (Emphasis added.)

The first assignment of error brought forward and discussed in plaintiff's brief is that the trial court erred in refusing to admit into evidence plaintiff's exhibit No. 2, a photographic copy of the purported written designation by Grace Newman of her mother, Pearl Martin, as the beneficiary of her government life insurance benefits. Whether plaintiff's evidence was sufficient to survive the motion for nonsuit depends upon the answer to the first assignment of error.

Plaintiff's exhibit No. 2, which was not permitted to be introduced, is what appears to be a photostatic copy of a letter in words and form as follows:

"10 December 1965

From:   Mrs. Grace W. Newman

To:     Industrial Relations Officer

Via:    Superintendent, Camp Lejeune Schools

Subj:   Government Life Insurance Beneficiary; change of

1. I, Grace W. Newman, hereby request that my mother be made the beneficiary of my Government Life Insurance.

2. My mother is Mrs. Pearl Martin, 506 George Street, New Bern, North Carolina.

Grace W. Newman

Hand carried to Mr. Tuck 14 Dec. 1965.

L. James"

The name "Grace W. Newman" is typed in the letter, but the "Hand carried to Mr. Tuck 14 Dec. 1965. L. James" is handwritten and according to the evidence was written by Mrs. Lois James. It would appear that the letter could qualify as a proper request for designation of beneficiary as the federal statute read in December

1965 but not as it read on and after 23 March 1966. For the reasons hereinafter stated, it is not necessary for us to determine whether the statute or the amendment applies.

[1]     Plaintiff contends that her exhibit No. 2 was admissible by virtue of G.S. 8-45.1, pertinent portions of which provide as follows:

"If any business * * * or any department or agency of government, in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation or combination thereof, of any act, transaction, occurrence or event, *and in the regular course of business has caused any or all of the same to be recorded, copied or reproduced by any photographic, photostatic* * * * or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business * * *. *Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not* * * *." (Emphasis added.)

G.S. 8-45.1 was enacted by the 1951 General Assembly, and its provisions have been subject to limited interpretation by our Supreme Court. In *State v. Shumaker*, 251 N.C. 678, 111 S.E. 2d 878, the court held that photostatic copies of deposit slips and checks made by an employee of a bank in the usual course of business and identified by such employee are competent as primary evidence without proof of the loss or destruction of the originals; G.S. 8-45.1, et seq., are cited as authority for this proposition. However, in the opinion, written by Higgins, J., we find the following:

"Enough appears in the evidence in this case to show a regular employee of the Wachovia Bank & Trust Company in the usual course of business made the photostats. She identified them. From this showing they were admissible in evidence. * * *"

A careful review of the testimony in the instant case fails to reveal that the copy which plaintiff attempted to introduce into evidence was made in the "regular course of business or activity," or by whom it was made.

Ralph Piper testified as a witness for plaintiff, and pertinent portions of his testimony are summarized as follows: He was employed at the Camp Lejeune Marine Corps Base as Industrial Relations officer in 1965 and 1966 and had supervision of the Federal Employees Group Life Insurance Program. He had the official records relating to Grace Newman that were kept in his office. He did not have the

official personnel folder, that being the property of the Civil Service Commission and in their custody. At the time of trial, he had a copy of a document dated 10 December 1965 from Grace Newman to the Industrial Relations Officer, sent through the Camp Lejeune Schools Superintendent's Office, and plaintiff's exhibit No. 2 is that document. He never saw the original, "just a copy like this." On cross-examination, Mr. Piper testified: "I do not know that any document ever existed except the one that I have in my office. The only one ever received is the one that I have identified here, Plaintiff's Exhibit Number 2."

Talmage Lancaster testified as a witness for plaintiff, and his testimony is summarized as follows: At the time of trial, he was employed as Superintendent of the Camp Lejeune Schools, the position formerly held by Mr. Tuck, having held the position since July 1966. He had never seen the paper referred to as plaintiff's exhibit No. 2 and the original of that paper was not in his office.

Mrs. Lois James testified as a witness for plaintiff, and pertinent portions of her testimony are summarized as follows: She was employed as Teacher-Principal in the Camp Lejeune Schools in 1964 and 1965 and in that capacity had contact with Grace Newman who was one of the teachers under her supervision. The record then discloses the following:

"Yes, I can read the writing reflected at the bottom of the Plaintiff's Exhibit No. 2, which you have handed me, and I can identify it. It reads 'Hand carried to Mr. Tuck.' It is my signature at the bottom of the writing, and I think the date is December 14, 1965. At that time, Mr. Tuck held the position as Superintendent of the Camp Lejeune Schools. I did not participate in the employment of Mrs. Newman."

We hold that plaintiff failed to show that her exhibit No. 2 was reproduced by any photographic, photostatic or other accurate process by an agency of the United States Government in the regular course of business or activity and that said exhibit was not sufficiently identified to warrant its introduction into the evidence. The assignment of error is overruled.

[2]   Plaintiff's second assignment of error is to the allowance of defendant's motion for nonsuit of plaintiff's case at the conclusion of plaintiff's evidence. Inasmuch as plaintiff's exhibit No. 2 was properly excluded from the evidence, plaintiff failed to make out her case and nonsuit was properly granted. The assignment of error is overruled.

Plaintiff assigns as error the entry of judgment which nonsuited plaintiff and· which adjudged that defendant Elwood Newman was entitled to receive the insurance proceeds.

**[3, 4]**    We have heretofore discussed the question of nonsuit. As to the remaining portion of the judgment, it is well established that when jury trial is waived the court's findings of fact are conclusive if supported by any competent evidence, and the judgment supported by such findings will be affirmed even though there is evidence contra. 1 Strong, N.C. Index 2d, Appeal and Error, § 57, p. 223. The findings of fact were supported by competent evidence and were sufficient to support the conclusions of law and decision of the court. The assignment of error is overruled.

We have carefully considered each of the assignments of error brought forward and discussed in plaintiff's brief, but finding them without merit, they are all overruled and the judgment of the superior court is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.