STATE OF NORTH CAROLINA v. AURELIO R. MOCTEZUMA

No. COA99-1397

(Filed 19 December 2000)

**1. Evidence— additional cocaine—insufficient link to defendant—irrelevant and prejudicial**

The trial court erred in a cocaine trafficking prosecution by admitting evidence of two kilos seized from the trailer in which defendant lived with other men where the prosecution was based upon 136.69 grams seized in a van driven by defendant. There was no evidence to directly link defendant to the drugs seized at the trailer in which he occupied a bedroom, he was not charged with any offense in connection with those drugs, he consistently denied any knowledge of the drugs, and evidence introduced at trial tended to show that the two kilos seized at the trailer had been brought from Florida about 12 hours before defendant's arrest, that those drugs had been hidden under towels in a bathroom which did not belong to defendant, and that people with whom defendant was not acquainted had visited the trailer on the morning of defendant's arrest. Despite the court's limiting instruction, the jury could easily have concluded that defendant was a high level drug trafficker.

**2. Discovery— criminal—identity of confidential informant—procedure**

In a case reversed on other grounds, the Court of Appeals held that the trial court erred in a cocaine trafficking prosecution by excluding defendant and his counsel from a hearing on defendant's motion to reveal the identity of a confidential informant without hearing evidence and finding facts as to the necessity of

STATE v. MOCTEZUMA

[141 N.C. App. 90 (2000)]

the exclusion. Upon a motion by defendant that the identity of a confidential informant be revealed, the trial court should first hold a hearing on the motion outside the presence of the jury at which defendant must present supporting evidence and at which the State may present opposing evidence. The court may then grant or deny the motion, making the necessary findings and conclusions, and if the court needs to know the identity of the informant, it may exclude defendant if it first makes appropriate findings and conclusions, taking into account the serious due process questions raised by the exclusion of defendant or his counsel. The court should take any action necessary to protect defendant's rights to a fair trial.

Appeal by defendant from judgment entered 12 January 1999 by Judge Marcus L. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 October 2000.

On 10 January 1998, a paid confidential informant told Charlotte-Mecklenburg police officers that a cocaine deal would occur that day at 1:00 p.m. in a Charlotte area Food Lion grocery store parking lot. The informant advised the officers that three Hispanic men would drive a white van with Tennessee tags to a house on Statesville Road in Charlotte where a large quantity of cocaine was located. According to the informant, the suspects would then drive the van to a Food Lion grocery store parking lot where the drug deal would take place. Pursuant to the tip, the police arranged for a surveillance operation. Officer Thomas Roddy followed the white van from Statesville Road to a trailer on Perkins Road where defendant and several other people lived. Upon arriving at the trailer, three Hispanic men, including defendant, exited the van, entered the trailer and re-emerged shortly afterwards. The men then drove to the Food Lion grocery store, where they parked the van. Thereafter, another man approached the parked van, opened the van's sliding door, talked to someone inside and started to walk away. At this point, police officers in the area surrounded the van in order to apprehend its suspects. Officer Roddy approached the passenger side of the van's front door and observed defendant in the driver's bucket seat. As Officer Roddy ordered the van occupants to get out, he noticed defendant "putting something on the right side of his seat, wrapped in white tissue." After arresting defendant and the other suspects, police officers searched the van and found 136.69 grams of cocaine in a plastic bag inside white wrappings on the right side of the driver's seat.

At trial, defendant testified that he lived in the trailer at Perkins Road with a man named Sergio Burroto and several other men with whom defendant was unacquainted. Although he lived with Burroto, defendant testified that he did not know Burroto well or see him much, as defendant was working most of the time in order to send money to his wife and children in Mexico. Defendant further testified that on the day of his arrest, Burroto told him to drive the white van to the Food Lion store. Defendant testified that he drove Burroto and another man to the Food Lion store and parked, whereupon the police approached the van and arrested them. Finally, defendant testified that he had no knowledge whatsoever of any cocaine in the van.

Over defendant's objections, the trial court allowed the State to cross-examine defendant about illegal drugs and drug paraphernalia found both in Burroto's bathroom and in the front room of the trailer in which defendant lived. Defendant was not charged with possession of these substances, but the trial court instructed the jury that they could consider the drug evidence for the purpose of showing defendant's awareness of cocaine in the van. At the close of the evidence, the trial court instructed the jury on the charges of trafficking in cocaine by possession and of the charge of trafficking in cocaine by transportation.

On 11 January 1999, the jury found defendant guilty of trafficking in cocaine by transporting more than twenty-eight grams but less than two hundred grams. The following day, the trial court imposed an active sentence of thirty-five to forty-two months' imprisonment with credit for prior confinement and fined defendant $50,000.00. Defendant appealed.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey B. Parsons, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant appellant.*

HORTON, Judge.

[1] Defendant argues that the trial court erred in admitting evidence of substantial amounts of drugs seized at the Perkins Road trailer. Defendant contends that, since he was not charged in connection with these drugs, the fact that drugs belonging to other people were found at defendant's residence was both irrelevant and prejudicial

to defendant's case. We agree with defendant and find that the admission of the irrelevant and prejudicial evidence requires a new trial.

Before trial, defendant filed a motion *in limine* to prohibit the State from asking questions and introducing evidence about drugs police found in the Perkins Road trailer after defendant's arrest. The trial court denied the motion and ruled that, if defendant testified he had no knowledge of the cocaine in the van, evidence about the presence of drugs inside the Perkins Road trailer would be admissible to show defendant's awareness that cocaine was in the van.

During trial, the State cross-examined defendant about the drugs found in the Perkins Road trailer, about which defendant repeatedly denied knowledge. The State also introduced and published to the jury evidence from the drug seizure at the Perkins Road trailer, including two kilos of cocaine and various drug paraphernalia. During final instructions, the trial court charged that the jury could consider the evidence about the Perkins Road drugs "to show the Defendant's awareness of cocaine seized by officers at the Food Lion parking lot."

Defendant maintains that, because he had no knowledge of the drugs seized from the trailer, such evidence is not proof that he was aware of the cocaine in the van and is therefore irrelevant and inadmissible. Further, defendant asserts that the admission of such evidence was prejudicial given both the high value of the drugs seized at the trailer and the extensive trial time consumed in the identification, viewing and discussion about the drugs found at the trailer.

Rule 401 of the Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (1999). Thus, if the evidence of the drugs seized at defendant's residence increases the probability that defendant knew about the cocaine found in the van, the evidence will be relevant and properly admitted. If the evidence has no tendency to prove a fact in issue in the case, the evidence is irrelevant and will be excluded. *State v. Coen*, 78 N.C. App. 778, 780-81, 338 S.E.2d 784, 786, *disc. review denied, appeal dismissed*, 317 N.C. 709, 347 S.E.2d 444 (1986).

Irrelevant evidence is harmless unless defendant shows that he was so prejudiced by the erroneous admission that a different result

would have ensued if the evidence had been excluded. *State v. Harper*, 96 N.C. App. 36, 42, 384 S.E.2d 297, 300 (1989). Defendant has the burden of showing that he was prejudiced by the admission of evidence. In order to show prejudice, defendant must meet the statutory requirements of N.C. Gen. Stat. § 15A-1443(a). *State v. Melvin*, 86 N.C. App. 291, 297, 357 S.E.2d 379, 383 (1987). N.C. Gen. Stat. § 15A-1443(a) states:

> A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant. Prejudice also exists in any instance in which it is deemed to exist as a matter of law or error is deemed reversible per se.

N.C. Gen. Stat. § 15A-1443(a) (1999). A trial court's ruling on relevant evidence is not discretionary and therefore is not reviewed under the abuse of discretion standard. *Sherrod v. Nash General Hospital*, 126 N.C. App. 755, 762, 487 S.E.2d 151, 155, *disc. review allowed*, 347 N.C. 403, 494 S.E.2d 403 (1997), *aff'd in part, rev'd in part and remanded*, 348 N.C. 526, 500 S.E.2d 708 (1998).

The State contends that the trial court properly admitted the evidence in question under Rule 404(b) of the Rules of Evidence, which states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b). The State argues that the evidence seized at the trailer is evidence of other wrongs that tends to show defendant's knowledge of the cocaine in the van. We disagree. Rule 404(b) speaks of "[e]vidence of other crimes, wrongs, or acts." Here, there are no crimes, wrongs or acts with which defendant is connected. There was no evidence introduced at trial to directly link defendant to the drugs seized at the trailer in which he occupied a bedroom. Defendant was not charged with any offense in connection

with the drugs seized at the trailer, and defendant consistently denied any knowledge of such drugs.

Further, the circumstantial evidence presented at trial—the fact that drugs belonging to other people were discovered at the trailer defendant shared with others—was too weak to support an inference of knowledge on his part. Evidence at trial tended to show that the drugs seized at the Perkins Road trailer had been brought from Florida approximately twelve hours before defendant's arrest. In addition, Officer Sidney Lackey testified that the two kilos of cocaine seized were hidden under some towels in a back bathroom belonging to Burroto, not defendant. Finally, there was evidence that other people with whom defendant was unacquainted visited the Perkins Road trailer the morning of defendant's arrest. Under these circumstances, we find that there was insufficient evidence to show that defendant knew about the drugs seized at the trailer.

Because there was insufficient evidence to connect defendant with the drugs seized at the trailer, evidence of such was improperly admitted to show defendant's knowledge of cocaine in the van. Despite the trial court's limiting instruction, the jury could have easily concluded, given the value and quantity of the seized drugs, as well as the time spent at trial examining such, that defendant was a high level drug trafficker. *See State v. Cuevas*, 121 N.C. App. 553, 557-58, 468 S.E.2d 425, 428, *disc. review denied*, 343 N.C. 309, 471 S.E.2d 77 (1996) (where defendant was charged with trafficking in cocaine, defendant's passport with a stamp indicating he had visited Colombia approximately two months earlier was prejudicial, as it tended to mislead the jury as to the level of defendant's involvement in drug trafficking). We find that the admitted evidence of drugs and drug paraphernalia seized at the Perkins Road trailer was irrelevant and prejudicial. Defendant must be given a new trial.

[2] Because of its importance to the trial bench and bar, we will address one of defendant's remaining assignments of error. Defendant argues that the trial court's *ex parte in camera* hearing in which the trial court excluded both defendant and defense counsel in order to consider a motion by defendant concerning the identity of the State's confidential informant was improper and violated his constitutional rights in that he was denied an open court and public trial, the right to confront witnesses, and due process. We agree that the trial court improperly closed the court before making the necessary findings of fact.

Several months before trial, defendant learned that an unidentified paid confidential informant (CI), working with police, had arranged the drug deal at which defendant was arrested. Defendant then filed a "Motion to Reveal the Name and Address of Confidential Informant" in which he contended that the CI was a necessary and material trial witness on the question of defendant's guilt. When the motion was called at trial, the trial court held an *ex parte in camera* hearing over defendant's objections out of the presence of defendant, defense counsel, and all other people except prosecutors, policemen and the court reporter, in order to determine the matter. After the hearing, the trial court stated in open court that it found no issue on which the CI's testimony would be relevant and that other witnesses were available to defendant to provide the same information "to the extent that the informant's testimony would be of any value since the confidential informant is not the only one that can shed light on this same subject matter that would be relevant." The trial court then denied defendant's motion to reveal and ordered the record of the hearing sealed.

Our Supreme Court has stated that "[t]he trial and disposition of criminal cases is the public's business and ought to be conducted in public in open court." *In re Edens*, 290 N.C. 299, 306, 226 S.E.2d 5, 9 (1976); *accord* N.C. Const. art. I, § 18. Accordingly, before a trial court may close a courtroom to the public in a criminal case, "the trial court must determine if the party seeking closure has advanced an overriding interest that is likely to be prejudiced, order closure no broader than necessary to protect that interest, consider reasonable alternatives to closing the procedure, and make findings adequate to support the closure." *State v. Jenkins*, 115 N.C. App. 520, 525, 445 S.E.2d 622, 625, *disc. review denied*, 337 N.C. 804, 449 S.E.2d 752 (1994).

Here, the trial court made no findings of fact before closing the courtroom not only to the general public, but to defendant and defense counsel as well. While we recognize the importance of maintaining the confidentiality of informants, a trial court may not close a courtroom to both defendant and defense counsel without making findings as to the necessity of its action. To do so denies defendant an opportunity to fully defend. Our case law reveals that defendants and counsel are regularly allowed to be present at hearings on motions to reveal CI identities. *See, e.g., State v. Creason*, 313 N.C. 122, 126, 326 S.E.2d 24, 26 (1985); *State v. McEachern*, 114 N.C. App. 218, 219-20, 441 S.E.2d 574, 575 (1994).

**STATE v. MOCTEZUMA**

[141 N.C. App. 90 (2000)]

Upon a motion by defendant that the identity of a confidential informant be revealed, the trial court should first hold a hearing outside the presence of the jury to consider the question. Defendant must present evidence supporting the necessity of having the identity of the confidential informant revealed, following which the State may present evidence in opposition to defendant's motion. Upon reviewing the evidence and arguments by defendant and the State, the trial court may then either grant or deny defendant's motion, making the necessary findings of fact and conclusions of law in support of its decision. If the trial court determines that it needs to know the identity of the confidential informant in order to properly rule on defendant's motion, it may then exclude defendant from the courtroom in order to protect the identity of the confidential informant, *provided* that the trial court first makes appropriate findings of fact and conclusions of law as to the necessity for defendant's exclusion. In taking such action, the trial court must consider that exclusion of a defendant or his counsel from a courtroom raises serious due process questions. If the exigencies of the situation require exclusion, the trial court should take any action necessary to protect defendant's rights to a fair trial.

Here, the trial court excluded defendant and his counsel from the hearing on defendant's motion without hearing evidence and finding facts as to the necessity for their exclusion. As defendant clearly had the right to offer evidence in support of his motion, we hold that the exclusion of defendant and his counsel from the courtroom was error.

Because the trial court admitted irrelevant evidence and improperly closed the courtroom to defendant and defense counsel, we find that defendant is entitled to a new trial. Accordingly, we need not address defendant's remaining assignments of error as they are not likely to recur on retrial.

New trial.

Judges WALKER and McGEE concur.