IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-496

Filed: 16 June 2020

Wake County, No. 14 CRS 213588, 004521

STATE OF NORTH CAROLINA

v.

STEVE LEONARD JOHNSON COBB, Defendant.

Appeal by Defendant from judgment entered 7 December 2018 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 30 October 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Martin T. McCracken, for the State.*

*James R. Parish for defendant-appellant.*

MURPHY, Judge.

In this case involving assault and attempted robbery charges, the trial court's erroneous admission of drug field test results was not prejudicial when the test had no connection to whether an assault occurred and Defendant was found not guilty of the attempted robbery. The State presented overwhelming evidence the assault occurred, and no reasonable possibility existed that a different result would have been reached had the field test results been properly omitted. When reviewing a habitual felon status enhancement, a defendant waives his right to challenge the indictment for incorrect information when he does not object to a variance at trial, but rather pleads guilty. We decline to invoke Rule 2 to permit further review.

## BACKGROUND

On 14 June 2014, Sergeant Brian McLamb ("McLamb") surveilled a parked car holding Defendant and another individual. McLamb initiated a voluntary encounter and, upon smelling marijuana, radioed for a check-in officer. He also asked Defendant, who was smoking, about the marijuana smell. Defendant admitted he was smoking a blunt and handed the blunt to McLamb, who placed it on top of the car.

After the check-in officer arrived, McLamb had Defendant exit the vehicle to search him for drugs and weapons incident to arrest.[1] When McLamb discovered "a couple thousand dollars" in "a wad of money" on Defendant and asked him about it, Defendant fled the scene on foot, and McLamb pursued. McLamb caught Defendant, and a wrestling match ensued, with Defendant escaping and McLamb catching Defendant again. At one point during the scuffle, McLamb "felt a pull up on [his] duty weapon and [his] holster," believed Defendant was attempting to take the weapon, and drew his taser. Defendant eventually surrendered, but transferred a bag containing white powder from his pants to his mouth while he moved to the ground.

---

[1] Defendant did not object to the search at trial, and Defendant did not challenge McLamb's search on appeal. We do not consider its admissibility. N.C. R. App. P. 28(a) (2020) ("Issues not presented and discussed in a party's brief are deemed abandoned.").

McLamb believed Defendant had ingested cocaine, and testified regarding the bag and his concerns as follows:

> [State:] When you saw [Defendant] put [the bag] in his mouth, what was your concern, or if you had multiple concerns, what were they?
>
> [McLamb:] Well, at that point, really, there's two concerns. He's destroying evidence. And if it's a toxic substance, I've seen people get very sick or -- and die from ingesting a substance like that.

Upon observing Defendant put the bag in his mouth, McLamb jumped on Defendant's back and squeezed his cheeks to force him to spit out the bag. During the struggle, Defendant bit McLamb's finger, ignored commands to stop, and bore down so hard that he broke the skin.

After Defendant spit out the bag and was arrested, both Defendant and McLamb went to the hospital—McLamb for injuries to his knees, elbows, wrist, and finger, and Defendant for potential cocaine ingestion. Other officers conducted a field test on the bag Defendant put in his mouth, which tested positive for cocaine.

The Grand Jury indicted Defendant for assault inflicting serious injury on a law enforcement officer and attempted common law robbery. Over Defendant's objection, the trial court admitted evidence concerning the field test. The jury convicted Defendant for the lesser included offense of assault on a law enforcement

officer inflicting physical injury, but acquitted Defendant of assault inflicting serious injury on a law enforcement officer and attempted common law robbery.

Defendant had previous felony convictions for possession of cocaine, common law robbery, and delivering cocaine. After the guilty verdict, Defendant pleaded guilty to habitual felon status. The indictment incorrectly stated that one of Defendant's prior convictions was in Wake County Superior Court, while that prior conviction was actually in Wake County District Court.

On appeal, Defendant argues that the admission of the field test results constituted prejudicial error preventing a fair trial and requests a new trial. Additionally, Defendant argues that the variance regarding the division of court listed for one of his prior felony convictions in the indictment and in evidence was fatal and merits remand for resentencing without the habitual felon status.

## ANALYSIS

### A. Field Test Results[2]

"The admissibility of evidence [under N.C.G.S. § 8C-1, Rule 401 (2017)] is governed by a threshold inquiry into its relevance. In order to be relevant, the evidence must have a logical tendency to prove any fact that is of consequence in the case being litigated." *State v. Holmes*, 822 S.E.2d 708, 720 (N.C. Ct. App. 2018)

---

[2] While Defendant has not shown that the admission of evidence regarding the field test results, namely evidence of drugs, prejudiced him in such a way as to prevent a fair trial on his assault charge, we reemphasize the lack of admissibility of field test results due to concerns regarding their reliability. *State v. Carter*, 237 N.C. App. 274, 281-83, 765 S.E.2d 56, 62-63 (2014).

(internal citations omitted), *review denied*, 372 N.C. 97, 824 S.E.2d 415 (2019). "Trial court rulings on relevancy technically are not discretionary." *Id.* "Whether evidence is relevant is a question of law . . . [and] we review the trial court's admission of the evidence *de novo*." *State v. Kirby*, 206 N.C. App. 446, 456, 697 S.E.2d 496, 503 (2010). Even though we review these rulings de novo, we give "great deference on appeal" to trial court rulings regarding whether evidence is relevant. *State v. Allen*, 828 S.E.2d 562, 570 (N.C. Ct. App. 2019), *appeal dismissed, review denied*, 373 N.C. 175, 833 S.E.2d 806 (2019). "A defendant is prejudiced . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (2019).

In this case, the State charged Defendant with assault inflicting serious injury on a law enforcement officer and attempted common law robbery, but no charges involving a controlled substance. The assault charge required the State to prove "(1) [Defendant] assaulted the victim; (2) serious bodily injury occurred; (3) the victim was a law enforcement officer performing his official duties at the time of the assault; and (4) [Defendant] knew or had reasonable grounds to know that the alleged victim was a law enforcement officer." *State v. Burwell*, 256 N.C. App. 722, 727, 808 S.E.2d 583, 589 (2017) (citing N.C.G.S. § 14-34.7(a) (2015)). The attempted common law robbery charge required the State to prove "(1) [D]efendant's specific intent to commit the

crime of common law robbery, and (2) a direct but ineffectual act by [D]efendant leading toward the commission of this crime." *State v. Whitaker*, 307 N.C. 115, 118, 296 S.E.2d 273, 274 (1982). The field test purporting to confirm the existence of a controlled substance was conducted after the acts for which the Grand Jury indicted Defendant: assault and attempted common law robbery.

The field test conducted *after* the charged assault and attempted common law robbery was not relevant to prove any fact that is of consequence concerning (1) the occurrence of an assault; (2) whether serious bodily injury resulted; (3) whether McLamb was performing his official duties at the time of the assault; (4) whether Defendant knew or had reason to know McLamb was a law enforcement officer; (5) whether Defendant had the specific intent to commit the crime of common law robbery; or (6) whether Defendant committed a direct but ineffectual act leading toward the commission of a common law robbery when he allegedly grabbed for McLamb's gun.

The field test conducted *after* the charged assault and attempted common law robbery did not help to explain the officers' investigative actions before or during the events underlying the charges. While evidence regarding the officer's *perceptions* of the bag and its contents *before and during* the assault was relevant to explain McLamb's actions, evidence regarding whether the contents of the bag actually were a controlled substance McLamb attempted to prevent Defendant from ingesting and

potentially destroying was not. Evidence regarding the presence of the bag containing white powder was properly admitted, but the testimony regarding the field test should have been excluded, not limited via judicial instruction. *See State v. Ward*, 364 N.C. 133, 142-43 n.4, 694 S.E.2d 738, 744 n.4 (2010) (noting for support other jurisdictions' exclusion of field test and visual inspection evidence when "never verified by further laboratory testing").

Although the field test results were irrelevant to this case, and the trial court erred in admitting those results into evidence, such error was not prejudicial. Defendant bears the burden "to show both error and that he was prejudiced by [the] admission" of the improperly admitted evidence. *State v. Gappins*, 320 N.C. 64, 68, 357 S.E.2d 654, 657 (1987). To demonstrate such prejudice, Defendant must show that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . ." *State v. Barrow*, 216 N.C. App. 436, 442, 718 S.E.2d 673, 677 (2011) (quoting N.C.G.S. § 15A-1443(a) (2009)) *aff'd*, 366 N.C. 141, 727 S.E.2d 546 (mem.) (2012).

Defendant does not carry his burden to demonstrate that he was prejudiced by the admission; specifically, no "reasonable possibility [exists] that, had [the erroneously admitted field test results] not been [admitted], a different result would have been reached at the trial . . . ." *Id.* In fact, Defendant's case did not include a controlled substance charge. The trial court improperly admitted the field test

evidence, which indicated the presence of cocaine, in a case where Defendant was convicted of assault on a law enforcement officer inflicting physical injury. *See State v. Carter*, 237 N.C. App. 274, 283-84, 765 S.E.2d 56, 63-64 (2014). Whether the drug field test performed after the events underlying the assault charge reliably confirmed the presence of cocaine had no connection to whether Defendant actually assaulted McLamb. To that end, the State presented overwhelming evidence to support Defendant's conviction of assault on a law enforcement officer inflicting physical injury.[3] *See id.* at 285-86, 765 S.E.2d at 64. The evidence of the officer's encounter with Defendant, Defendant fleeing the officer, Defendant and the officer wrestling, Defendant shoving the bag into his mouth, Defendant biting the officer, and the officer's resulting injuries—"[c]ut to elbow and wrist, bit his finger and broke the skin," as alleged in the indictment—was sufficient to prove Defendant committed assault on a law enforcement officer inflicting physical injury.

On appeal, Defendant contends our prior holding in *Moctezuma* is controlling on the issue of prejudice in this case, arguing that "[D]efendant suffered the same prejudice as the defendant in [that case] . . . [and] the same logic applies." *State v. Moctezuma*, 141 N.C. App. 90, 92-93, 539 S.E.2d 52, 54-55 (2000). We disagree.

---

[3] Defendant was acquitted of attempted common law robbery and assault inflicting serious injury on a law enforcement officer, making it impossible for the erroneous admission of the field test evidence to have prejudiced him on those charges.

In *Moctezuma*, the trial court erroneously admitted irrelevant evidence of a large amount of drugs found in the defendant's shared residence when the defendant was charged with trafficking of drugs in a van. *Id.* at 92-93, 539 S.E.2d at 54-55. We found that such an admission was not only irrelevant, but was prejudicial, because "the jury could have easily concluded, given the value and quantity of the seized drugs, . . . that [the] defendant was a high level drug trafficker." *Id.* at 95, 539 S.E.2d at 56. Unlike the prejudicial effect of evidence of a large amount of irrelevant drugs on a drug trafficking charge in *Moctezuma*, here Defendant's case centered on an assault charge, did not include any controlled substance charge, and the irrelevant and erroneous evidence was the presence of a controlled substance indicated in a field test. Whether the field test reliably showed the presence of cocaine would not affect a determination of whether Defendant assaulted McLamb or the extent of his injuries. Here, the erroneous field test evidence was not prejudicial like the irrelevant drug evidence admitted in *Moctezuma*.

A reasonable possibility does not exist that, had the erroneously admitted field test results not been admitted, a different result would have been reached at trial. Defendant was not exposed to prejudicial error.

### B.     Habitual Felon Status Indictment Variance

"In order to preserve a fatal variance argument for appellate review, a defendant must specifically state at trial that a fatal variance is the basis for his

motion to dismiss." *State v. Scaturro*, 253 N.C. App. 828, 833-34, 802 S.E.2d 500, 505 (2017) (citing *State v. Hooks*, 243 N.C. App. 435, 442, 777 S.E.2d 133, 139 (2015); *State v. Curry*, 203 N.C. App. 375, 384, 692 S.E.2d 129, 137 (2010)). However, instead of moving to dismiss the habitual felon status enhancement, Defendant pleaded guilty to attaining habitual felon status. Defendant's guilty plea "waived his right to challenge the [habitual felon] indictment on the ground that the information in the indictment was incorrect." *State v. McGee*, 175 N.C. App. 586, 588, 623 S.E.2d 782, 784 (2006).

Despite his failure to preserve the variance issue for appeal, Defendant argues that we should invoke Rule 2 and review this issue, because "[i]n the instant case the injustice is manifest because the variance established an invalid habitual felon indictment and thus [Defendant] was sentenced to a punishment grossly disproportionate to that to which he was statutorily authorized." While we have the ability under Rule 2 of the Rules of Appellate Procedure to allow review, we only apply it "*in exceptional circumstances*, [involving] significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court *and only in such instances*." *State v. Campbell*, 369 N.C. 599, 603, 799 S.E.2d 600, 602 (2017); *see also State v. Diaz*, 256 N.C. App. 528, 534, 808 S.E.2d 450, 455 (2017) (holding that we may apply Rule 2 "based on the specific circumstances [of the] case and in order to avoid the possibility of a manifest injustice") *aff'd in relevant part and*

*rev'd in part on other grounds*, 372 N.C. 493, 831 S.E.2d 532 (2019); N.C. R. App. P. 2 (2020). Defendant does not present any argument or evidence that his conviction in Wake County District Court did not occur. Here, the indictment variance of the division of the court of conviction is not an exceptional circumstance affecting significant issues of importance in the public interest, and does not constitute manifest injustice to Defendant, particularly when the indictment correctly named the relevant charge, showed the correct dates of offense and conviction, the correct county, and listed the correct file number.[4] *See generally* N.C.G.S. § 14-7.3 (2019). We decline to invoke Rule 2 to reach the variance issue presented by Defendant and accordingly find no error. *McGee*, 175 N.C. App. at 588, 590, 623 S.E.2d at 784-85 (issuing a mandate of "NO ERROR" when the defendant pleaded guilty and "waived his right to challenge the [habitual felon] indictment on the ground that the information in the indictment was incorrect").

## CONCLUSION

The trial court erroneously admitted irrelevant evidence of field test results in an assault and attempted robbery case, but such evidence did not prejudice Defendant. Defendant failed to preserve the variance issue, and we decline to invoke Rule 2 to permit review under the circumstances of this case.

NO PREJUDICIAL ERROR IN PART; NO ERROR IN PART.

---

[4] The indictment indicated file number 11 CRS 202645, whereas the judgment was file number 11 CR 202645.

Judges STROUD and ZACHARY concur.