STATE OF NORTH CAROLINA v. WILLIAM CARR AND WILLIAM BENJAMIN DAVIS

No. 745SC143

(Filed 15 May 1974)

1. Larceny § 4— indictment — owner of property — no variance

There was no fatal variance between indictment and proof where the indictment charged defendants with larceny of an automobile owned by William Brad Crowell but the evidence showed that the vehicle was registered in the name of "Crowell's T.V.", since William Brad Crowell had possession and control of the vehicle and considered it as his own at the time it was stolen.

2. Criminal Law § 84; Searches and Seizures § 1— warrantless seizure of items in plain view — admissibility

Items seized without a warrant from one defendant's home were admissible at defendants' larceny trial where the officer entered the home to execute a valid arrest warrant and found the items in plain view.

3. Criminal Law § 95— evidence from one defendant's home — admissibility as to both defendants

Trial court properly refused to instruct the jury to consider items of evidence seized from one defendant's house against that defendant only, since the evidence was relevant to the case against each defendant.

4. Criminal Law § 92— two defendants — consolidation for trial proper

Trial court did not err in consolidating for trial cases against defendants for larceny of an automobile.

5. Criminal Law § 80— business records — authentication testimony sufficient.

Testimony by a witness that she was familiar with the record keeping system of an apartment complex and that the records offered into evidence were made in accordance with that system was sufficient to authenticate the records, even though the witness was not employed by the apartment complex until a time subsequent to the date of the records offered.

APPEAL by defendants from *Rouse, Judge,* 25 June 1973 Session of Superior Court held in NEW HANOVER County.

Defendants were charged in separate indictments with the larceny on 25 August 1972 of a 1965 Ford van automobile owned

by William Brad Crowell. The defendants pled not guilty, and, upon motion of the State, the cases were consolidated for trial.

The evidence for the State tended to show that William Brad Crowell was in possession of a Ford van, which was decorated on the outside with Thrush side pipes. The car was registered in the name of "Crowell's T.V.", a business owned by Crowell's father, but Crowell regarded it as his car, took it to college with him, and was in possession of it at all times. On 25 August 1972 Crowell discovered that his locked car had disappeared from the parking lot at Country Club Apartments where he resided. Two days later it was found on Murrayville Road abandoned and heavily damaged.

On 10 September 1972 C. H. Page, a Wilmington police officer, secured an arrest warrant for the defendant Carr and went to his house to arrest him. Carr was not at home but Page saw a box of tapes in the house and outside in the yard he found a set of Thrush side pipes. These items were seized and were later identified by Crowell as having come from his car. They were introduced in evidence at the trial.

Quinton Brown, an accomplice, testified for the State that he and the defendant stole the Ford van on the night of 24 August 1972 and drove it to Murrayville Road where they stripped it of many parts, including the side pipes, and abandoned it. Brown later saw the side pipes at Carr's house.

Defendant Carr testified for himself and denied that he had taken any part in the theft of Crowell's car.

Defendant Davis offered testimony from two witnesses that he had been visiting them in their apartment on the night the theft occurred and that Davis had an adjoining apartment of his own.

In rebuttal, the State introduced records of the Country Club Apartments which tended to show the eviction of Davis from his apartment prior to 24 August 1972. These records were authenticated by the manager of the Country Club Apartments.

The jury found defendants guilty of felonious larceny, and each was sentenced to a prison term of three to five years. Defendants appealed.

---

---

Attorney General Morgan, by Assistant Attorney General George W. Boylan, for the State.

Charles E. Rice III for defendant Carr.

Stephen E. Culbreth for defendant Davis.

BALEY, Judge.

[1] Defendants contend that since the indictments named William Brad Crowell as the owner of the stolen car, while the evidence showed that it was registered in the name of "Crowell's T.V.," there was a fatal variance between indictment and proof. It is true that an indictment must correctly specify the owner of the stolen property. State v. Jessup, 279 N.C. 108, 181 S.E. 2d 594; State v. Law, 227 N.C. 103, 40 S.E. 2d 699; State v. Jenkins, 78 N.C. 478. But the person named in the indictment may be either the person having a "general interest" in the stolen property—that is, the actual owner—or the person with a "special interest" in the property—that is, the person who had possession and control of it at the time when it was stolen. State v. Smith, 266 N.C. 747, 147 S.E. 2d 165; State v. Law, 228 N.C. 443, 45 S.E. 2d 374. Here it is clear that Crowell had a special interest in the stolen automobile.

[2] The trial court did not err in admitting into evidence the side pipes and box of tapes found by Officer Page in defendant Carr's house and yard. Before allowing the State to introduce these items, the court held a voir dire hearing to determine their admissibility and issued findings of fact. In its findings of fact, the court held that Page had entered Carr's house to execute a valid arrest warrant, and that he had found the tapes and pipes in plain view. In view of these findings, the tapes and pipes were admissible in evidence even though Page had no search warrant when he seized them. When police officers lawfully enter a person's premises and observe evidence of a crime in plain view, they may seize it without obtaining a search warrant. Coolidge v. New Hampshire, 403 U.S. 443 (1971); State v. Duboise, 279 N.C. 73, 181 S.E. 2d 393; State v. Bell, 270 N.C. 25, 153 S.E. 2d 741; State v. Fry, 13 N.C. App. 39, 185 S.E. 2d 256, cert. denied and appeal dismissed, 280 N.C. 495, 186 S.E. 2d 514.

[3] Defendant Davis contends that even if the pipes and tapes were properly admitted, the court should have instructed the jury to consider these items of evidence only against defendant

Carr and not against Davis. The court properly refused to give such an instruction, for the pipes and tapes were relevant to the case against each defendant. Quinton Brown testified that he and Carr and Davis stole Crowell's car and removed many of the parts, and that some of the parts, including the pipes, were taken to Carr's house. The discovery of the pipes and tapes at Carr's house strongly corroborated Brown's testimony and tended to establish its truth.

[4] Defendants argue that the court erred in granting the State's motion to consolidate their cases for trial, but this argument is without merit. When two defendants are charged with offenses arising out of the same transaction, and the State does not intend to use the confession of one as evidence against the other, the court may in its discretion consolidate the cases for trial. *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858; *State v. Pearson,* 269 N.C. 725, 153 S.E. 2d 494; *State v. Walker,* 6 N.C. App. 447, 170 S.E. 2d 627, *cert. denied,* 277 N.C. 117. Defendants have not shown that the trial court abused its discretion.

[5] Defendant Davis contends that the records of the Country Club Apartments should not have been admitted into evidence, since the authenticating witness, Gloria Todd, did not begin her work as manager of the apartment complex until April 1973. The witness Todd did testify, however, that she was familiar with the record-keeping system used by the Country Club Apartments, and that the records offered in evidence were made in accordance with this system. This testimony was sufficient to authenticate the records. *State v. Springer,* 283 N.C. 627, 197 S.E. 2d 530. There is no requirement that business records be authenticated by the person who made them, or by the supervisor of the person who made them. *State v. Franks,* 262 N.C. 94, 136 S.E. 2d 623. If the records themselves indicate that they were made at or near the time of the transaction in question, the authenticating witness need not testify from personal knowledge that they were made at that time. *See State v. Shumaker,* 251 N.C. 678, 111 S.E. 2d 878 (bank deposit slips prepared by defendant, authenticated by another bank employee; no indication that authenticating witness had personal knowledge of when slips were prepared); *Flowers v. Spears,* 190 N.C. 747, 130 S.E. 710 (bank ledger prepared by bookkeeper in Kannapolis branch office, authenticated by cashier whose office was in Concord); *State v. Dunn,* 264 N.C. 391, 141 S.E. 2d 630; *Edgerton v. Perkins,* 200 N.C. 650, 158 S.E. 197.

Defendants were convicted by a jury in a trial that was free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.