STATE OF NORTH CAROLINA v. BOBBY MITCHELL ADAMS

No. 832SC802

(Filed 6 March 1984)

**Bills of Discovery § 6— State's failure to comply with order of discovery—dismis-sal of charges against defendant—no abuse of discretion**

The trial court did not abuse its discretion in dismissing the charges against defendant for the State's failure to comply with an order for discovery where defendant filed a request for voluntary discovery on 18 June 1982, and following the State's failure timely to respond, defendant filed a motion for discovery on 8 July 1982 pursuant to G.S. 15A-902(a); where on 12 January 1983 this motion came on for hearing and the trial judge stated that defendant appeared entitled to everything he had requested and ordered that the State

furnish the items sought within ten days; and where the motion to dismiss for noncompliance was heard and determined 50 days later. At that time the assistant district attorney did not assert that the State had formally complied with a portion of the order regarding defendant's statements, and he did not assert that the State had complied in any way with other portions of the order. Further, the record clearly established that defendant is mentally retarded and illiterate; that the district attorney's office could hardly have been unaware of this, and that defense counsel argued that defendant's retarded and illiterate state rendered the long delay in obtaining discovery severely prejudicial to counsel's ability to confer with his client and to secure his client's assistance in his own defense. Dismissal under G.S. 15A-910 as written in 1982 and dismissal under G.S. 15A-910 as revised in 1983 was a permissible sanction for failure to comply with criminal discovery orders.

APPEAL by the State from *Beaty, Judge.* Order entered 3 March 1983 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 7 February 1984.

Pursuant to G.S. 15A-1445(a)(1), the State appeals from an order dismissing criminal charges, "for failure of the State to provide items subject to discovery."

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General John F. Maddrey, for the State, appellant.*

*Charles M. Vincent and Stephen R. Ward for defendant appellee.*

WHICHARD, Judge.

The issue is whether the court abused its discretion in dismissing criminal charges against defendant upon the State's failure to comply with an order for discovery. We hold that it did not.

Defendant was charged with assault with a deadly weapon upon a law enforcement officer, resisting a public officer, and failing to stop for a blue light and siren. On 18 June 1982 he filed a request for voluntary discovery. Following the State's failure timely to respond, on 8 July 1982 he filed a motion for discovery. *See* G.S. 15A-902(a).

On 12 January 1983 this motion came on for hearing before Judge Giles Clark. Defense counsel represented that he had "not received any response whatsoever" to the request or the motion.

The assistant district attorney did not indicate the contrary. Judge Clark stated that defendant appeared entitled to everything he had requested, and ordered that the State furnish the items sought within ten days.

On 1 March 1983 defendant moved to dismiss the charges due to prosecutorial misconduct. *See* G.S. 15A-909 to -910. The motion alleged that Judge Clark's order "ha[d] been completely disregarded and no discovery ha[d] been provided as ordered by the Court." At a 3 March 1983 hearing on the motion before Judge Beaty, defense counsel represented that the State had disregarded Judge Clark's order. He called to the court's attention the allegation in his motion "that matters of discovery in the Second Prosecutorial District are systematically disregarded in that [items sought to be discovered] are not furnished the defense attorneys." He also called to the court's attention the defendant's low I.Q. and illiteracy, both of which evidence in the record clearly established. He then stated:

> [I]n this particular case, with this man's illiteracy and with his I.Q. the way it is, the fact that so much time has gone by without any discovery being furnished, puts defense counsel in the posture of not being able to effectively represent this man because you're dealing with someone as time goes by you can't undo . . . you can't put in his mind and talk to him and deal with him about facts and events as they might have occurred at that time; that they [the State] are aware of his mental situation and of his illiteracy and by denying, or by refusing to comply with the Orders of the Court, even if they were to come up and say, "here's your discovery," I don't know that I could go back and sit down with this man now that so much time has passed and put these things back together.
>
> . . . .
>
> [Y]ou have discretion as to what you can do in this matter, and what we're asking for is a dismissal . . . . [B]ecause they have disregarded this Order, . . . it wouldn't be unusual to dismiss, especially with the fact situation as it is with [the defendant] in this condition. In other words, just to give us the information now, and I've got to go back with him with

his mind . . . or being retarded, and try to piece together events which happened last May, I don't believe we can do it.

In response the assistant district attorney acknowledged the existence of Judge Clark's order. He indicated that he had verbally told defense counsel there were no written or oral statements by the defendant "other than the statements that were made to the officer during the process of the crime being committed, the res gestae." He did not even argue, however, that the State had formally complied with the request for discovery of defendant's statements or had complied, either formally or informally, with other aspects of the discovery order.

After hearing defense counsel and the assistant district attorney, Judge Beaty requested that the record show that the file contained both a request for voluntary discovery and a motion for discovery filed by defendant; that Judge Clark had ordered the State to "provide discovery as requested by the defendant"; and that "as of this date discovery has not been provided pursuant to Judge Clark's Order." He then stated: "Based upon the above findings in this case as applied to the facts of this case, the Court orders that the matters of State of North Carolina versus Bobby Mitchell Adams . . . be dismissed." He subsequently entered a written order of dismissal.

The State contends the court abused its discretion in imposing the sanction of dismissal, because this sanction "was not contemplated by the Legislature and was inappropriate under the particular circumstances of this case." When this matter was before the trial court, the statute entitled "Regulation of discovery—failure to comply" read as follows:

> If at any time during the course of the proceedings the court determines that a party has failed to comply with this Article or with an order issued pursuant to this Article, the court in addition to exercising its contempt powers may
>
> (1) Order the party to permit the discovery or inspection, or
>
> (2) Grant a continuance or recess, or

(3) Prohibit the party from introducing evidence not disclosed, or

(4) Enter other appropriate orders.

G.S. 15A-910 (1978). Dismissal of charges was not an expressly authorized sanction, and was permissible, if at all, under the rubric of "other appropriate orders."

The legislature has since amended the statute to allow the court, in addition to the foregoing, to:

(3a) Declare a mistrial, or

(3b) Dismiss the charge, with or without prejudice . . . . Act of August 26, 1983, ch. 6 § 3, 1983 N.C. Ex. Sess. Laws --- (effective upon ratification). The sanction of dismissal thus has now been expressly authorized.

Our Supreme Court has stated:

"An amendment to an act may be resorted to for the discovery of the legislative intention in the enactment amended, as where the act amended is ambiguous." . . . "Whereas it is logical to conclude that an amendment to an unambiguous statute indicates the intent to change the law, no such inference arises when the legislature amends an ambiguous provision." In such case, the purpose of the variation may be "to clarify that which was previously doubtful."

*Taylor v. Crisp*, 286 N.C. 488, 496-97, 212 S.E. 2d 381, 386-87 (1975). We believe clarification was the purpose of the 1983 amendment to G.S. 15A-910. It thus should not be construed to have changed the law so as to permit a previously prohibited sanction, but rather to have made explicit a previously implicit intent that the sanction of dismissal be among those which could be implemented by "other appropriate orders."

We thus reject the argument that when the order in question was entered dismissal was not a sanction contemplated by the legislature. We hold that dismissal was then and is now a permissible sanction for failure to comply with criminal discovery orders.

"Which sanction, if any, is the appropriate response to a party's failure to comply with a discovery order is entirely within the sound discretion of the trial court. [Its] decision . . . will not be reversed absent a showing of abuse of that discretion." *State v. Alston,* 307 N.C. 321, 330, 298 S.E. 2d 631, 639 (1983); *see also State v. Brown,* 306 N.C. 151, 168, 293 S.E. 2d 569, 580 (1982); *State v. Dukes,* 305 N.C. 387, 390, 289 S.E. 2d 561, 562-63 (1982). The statute "gives the judge broad and flexible powers to rectify the situation if a party fails to comply with discovery orders." G.S. 15A-910 official commentary.

Dismissal of charges is an "extreme sanction" which should not be routinely imposed. *See United States v. Sarcinelli,* 667 F. 2d 5, 7 (5th Cir. 1982). Here, however, Judge Clark's order to permit discovery was clear and unequivocal. It afforded the State ten days for compliance. The motion to dismiss for noncompliance was heard and determined fifty days later. At that time the assistant district attorney asserted only that the State had verbally responded to defense counsel regarding the portion of the order on statements given by defendant. He did not assert that the State had complied in any way with the other portions of the order, or that it had formally complied with the portion regarding defendant's statements.

Further, the record clearly establishes that defendant is mentally retarded and illiterate. In view of proceedings which occurred before the hearing on the motion to dismiss, and of the materials in the case file, the district attorney's office could hardly have been unaware of this. Defense counsel argued that defendant's retarded and illiterate state rendered the long delay in obtaining discovery severely prejudicial to counsel's ability to confer with his client and to secure his client's assistance in his own defense. He contended that the State's noncompliance thus impacted significantly upon his ability to represent his client effectively. The validity and persuasiveness of defense counsel's argument in light of the circumstances presented was for the trial court, in the exercise of its discretion, to determine.

The court made findings only as to defendant's request for voluntary discovery and motion for discovery, Judge Clark's order for discovery, and the State's noncompliance with that order. In addition to such findings, orders dismissing charges for

noncompliance with discovery orders preferably should contain findings which detail the perceived prejudice to the defendant which justifies the extreme sanction imposed. *See United States v. Sarcinelli, supra,* 667 F. 2d at 7. The perceived prejudice in this case, and its potentially irreparable nature, is apparent, however; and the failure to make such findings here thus does not merit reversal or remand.

Under the circumstances presented, we decline to hold that the trial court abused its discretion in dismissing the charges for the State's failure to comply with the order for discovery. The order of dismissal is thus

Affirmed.

Judges ARNOLD and BECTON concur.