STATE OF NORTH CAROLINA v. TONEY GEAN McEACHERN

No. 9316SC374

(Filed 5 April 1994)

**Constitutional Law § 251 (NCI4th)— narcotics—confidential informant—refusal to furnish identity—dismissal**

    The trial court did not abuse its discretion in dismissing charges of felonious possession with intent to sell or deliver marijuana, possession with intent to sell or deliver crack cocaine, possession with intent to manufacture crack cocaine, and maintaining a drug dwelling where the charges resulted from a search of defendant's home pursuant to a warrant based upon information provided by a confidential informant and the State refused to disclose the informant's identity after the court granted defendant's motion to require disclosure. The only evidence linking defendant to possession of the drugs and maintaining his premises for the use or sale of drugs to others was an officer's testimony of what the informant

STATE v. McEACHERN

[114 N.C. App. 218 (1994)]

told him. The informant could testify that defendant was not in fact the person selling drugs, that the drugs belonged to a third party, and could corroborate defendant's alibi by testifying that he did not observe defendant on the premises at the time of the drug buy. The testimony was sufficient to support the trial court's finding that the defendant's testimony established the informant as a material and necessary witness to the defense to corroborate defendant's alibi, point toward third party guilt, and show nonexclusivity of the defendant's premises.

**Am Jur 2d, Criminal Law § 1002.**

**Accused's right to, and prosecution's privilege against, disclosure of identity of informer. 76 ALR2D 262.**

Appeal by the State from dismissal entered 3 February 1993 by Judge Henry Barnette, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 30 November 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey P. Gray, for the State-appellant.*

*Public Defender Angus B. Thompson, Jr., by Assistant Public Defender Gayla Graham Biggs, for defendant-appellee.*

WYNN, Judge.

Defendant, Toney Gean McEachern, was charged with felonious possession with intent to sell or deliver marijuana, possession with intent to sell or deliver crack cocaine, possession with intent to manufacture crack cocaine, and maintaining a drug dwelling on 8 March 1991. These charges resulted from a search of defendant's trailer home pursuant to a warrant that was based upon information provided by a confidential informant.

At a pretrial hearing, police officer Barnett testified that, on 7 March 1991, a confidential informant told him he had observed a large quantity of cocaine in defendant's trailer home. Officer Barnett testified that the informant said that the person selling the cocaine was a black man named Toney, who was approximately 5′8″ or 5′9″ and had formerly worked for the Department of Transportation or road crews. Officer Barnett testified that he gave the informant some money, searched him and then drove him to defendant's trailer during the day on 8 March 1991. Officer Barnett sat

outside in the car while the informant went into the trailer. Officer Barnett testified that the informant returned to the car, showed him some crack cocaine and told him that he bought it from "Toney" and that there was cocaine inside the trailer. The officer then prepared a "John Doe" search warrant (a warrant that does not name a person to be searched) and had it issued by a magistrate. On 8 March 1991, at approximately 6:00 p.m., Officer Barnett and other officers took the warrant to defendant's trailer. As they approached the premises, they observed defendant backing his truck out of the front yard. The officers followed defendant's truck and pulled him over. Defendant and his companion, Charles McLaughton, were searched. One of the officers told defendant to drive back to his home. He did so, followed by the police. The officers entered the trailer, where they confiscated marijuana and crack cocaine.

Defendant testified to the following: On 7 March 1991 at 2:30 p.m. he gave his nephew, Charles Devince Jackson, permission to use his trailer home for a party. Defendant then left the trailer and went to his uncle's house in the town of Lumber Bridge, North Carolina. He remained at his uncle's house until approximately 5:30 p.m. on 8 March 1991, when he received a telephone call from Charles McLaughton, his next-door neighbor. McLaughton asked defendant for a ride to the town of Red Springs. Defendant then went to McLaughton's home and picked him up. Defendant was not in his residence from 2:30 p.m. on 7 March until 6:00 p.m. on 8 March, when he entered in the company of the police officers. There were no controlled substances in his residence when he departed at 2:30 p.m. on 7 March 1991 and he had no knowledge of who was inside his residence during his absence. He had not seen Jackson since he gave him permission to use his home and he had fruitlessly attempted to find Jackson.

Following this hearing, the court found that "the defendant's testimony . . . established the informant as a material and necessary witness to the defense to corroborate the defendant's alibi, point toward third party guilt, and show nonexclusivity of the defendant's premises." The court granted defendant's motion to require the prosecution to disclose the police informant's identity. The prosecution refused to disclose the informant's identity. Upon defendant's motion, the court dismissed all of the charges with prejudice "on the basis that the prosecutor's refusal to provide counsel for the defense with the identity of the informant in these cases violated the defendant's due process rights as guaranteed by the North

Carolina Constitution and the Constitution of the United States." The State appeals the court's order pursuant to N.C. Gen. Stat. § 15A-1445(a)(1) (1988), which provides that "the State may appeal from the superior court to the appellate division . . . [w]hen there has been a decision or judgment dismissing criminal charges as to one or more counts." The State argues that the trial court erred both in ordering the prosecution to provide the informant's identity and in ordering dismissal of the charges. For the following reasons, we disagree.

The State contends that in granting defendant's motion to order the prosecution to provide the informant's identity, the trial court failed to make sufficient findings of fact; its findings were not supported by the evidence; its conclusion of law was incorrect; and it abused its discretion.

In *State v. Gilchrist*, 71 N.C. App. 180, 182, 321 S.E.2d 445, 447-48 (1984), *disc. rev. denied*, 313 N.C. 332, 327 S.E.2d 894 (1985), our Supreme Court held:

> The prosecution is privileged to withhold the identity of an informant unless the informant was a participant in the crime or unless the informant's identity is essential to a fair trial or material to defendant's defense (citations omitted). A defendant must make a sufficient showing that the particular circumstances of his case mandate disclosure before the identity of a confidential informant must be revealed.

An informant should be disclosed "[i]f the informant can testify as to the details surrounding the *actual* crime . . . ." *State v. Parks*, 28 N.C. App. 20, 25, 220 S.E.2d 382, 386 (1975), *disc. rev. denied*, 289 N.C. 301, 222 S.E.2d 701 (1976). Here, three of the charges were possession offenses under N.C. Gen. Stat. § 90-95(a)(1), and one was for knowingly maintaining or keeping a dwelling place resorted to by others for the unlawful use or buying of a controlled substance, N.C. Gen. Stat. § 90-108(a)(7). The only evidence linking defendant to possession of the drugs and maintaining his premises for the use or sale of drugs to others was Officer Barnett's testimony that the informant told him that, when he observed the cocaine at defendant's residence on 7 March, there was a man selling it identified as Toney, and that when they returned for the controlled drug buy, the same man sold him drugs. Defendant argued that if called as a witness, the informant could testify that defendant was not in fact the person who was selling drugs and who sold

him drugs. The informant could also testify that the drugs belonged instead to a third party. Both of these statements would help to show that defendant did not possess the drugs.

Furthermore, defendant's defense consisted of an alibi which placed him away from the trailer during the drug buy and placed a third party, Jackson, inside the trailer at that time. Defendant argued that the informant could corroborate his alibi by testifying that he did not observe defendant on the premises at the time of the drug buy. This would help to show both that defendant did not possess the drugs and that he did not knowingly maintain his residence as a place for others to use and buy drugs.

We hold that this testimony was sufficient to support the trial court's finding that "the defendant's testimony . . . established the informant as a material and necessary witness to the defense to corroborate the defendant's alibi, point toward third party guilt, and show nonexclusivity of the defendant's premises."

Having made this finding, the court ordered the prosecutor to reveal the informant's identity to defendant's attorney. An accused has a constitutional right to disclosure of evidence that would tend to exculpate him. *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963). Suppression of evidence "favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87, 10 L. Ed. 2d at 218 (1963). When a trial court determines that such disclosure is relevant or helpful to the accused's defense, it may properly require disclosure of an informant's identity. In *Roviaro v. United States*, 353 U.S. 53, 1 L. Ed. 2d 639 (1957), the United States Supreme Court held:

> Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the [government's privilege to withhold an informant's identity] must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

*Roviaro*, 353 U.S. at 60-61, 1 L. Ed. 2d at 645. *See also State v. Ketchie*, 286 N.C. 387, 211 S.E.2d 207 (1975). Under *Roviaro*,

the court's decision to order disclosure was proper and not an abuse of discretion.

Having so found, the remaining question is whether, upon the prosecution's refusal to comply with the disclosure order, the court erred by dismissing with prejudice the charges against defendant.

*Roviaro* provides that an action may be dismissed when the government withholds information it is required to disclose. Furthermore, our discovery rules provide that dismissal with prejudice is a proper judicial remedy where a party fails to comply with a discovery order. N.C. Gen. Stat. § 15A-910(3b) (1988); *State v. Adams*, 67 N.C. App. 116, 312 S.E.2d 498 (1984). A dismissal pursuant to this power is not reviewable on appeal unless the court abused its discretion. *State v. Alston*, 307 N.C. 321, 298 S.E.2d 631 (1983). We find that the trial court did not abuse its discretion in dismissing the charges.

Affirmed.

Judges COZORT and GREENE concur.